Filed 7/8/14  P. v. Dupree CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039278 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1223102) |
| v. | |
| VIRGIL LOUIS DUPREE, | |
| Defendant and Appellant. | |

Defendant Virgil Louis Dupree appeals from a judgment of conviction after a jury trial.  The jury found Dupree guilty of two counts of misdemeanor vandalism (Pen. Code, § 594)[1] and one count of misdemeanor possession of an item with intent to commit vandalism (§ 594.2).  The trial court suspended imposition of sentence and placed Dupree on probation for three years.  On appeal, Dupree contends that two of his conditions of probation are unconstitutionally vague and overbroad.  We modify the dispositional order as discussed below and affirm the order as modified.

## I.    BACKGROUND

Early on the morning of November 22, 2011, a San Jose police officer on routine patrol observed a vehicle parked in the driveway of a dental center that was closed for business at that hour.  The officer saw a female individual sitting in the driver's seat and a male individual, identified at trial as Dupree, standing outside the vehicle on the passenger's side.  The officer saw spray paint cans sticking out of the front pockets of

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

Dupree's sweatshirt. Upon speaking with Dupree, the officer observed wet spray paint on Dupree's hand and smelled spray paint.

The officer searched Dupree and found latex gloves in his pants pocket. Two spray painted words were found on a dumpster and shed across the street from the dental center. According to the officer, that graffiti appeared to be fresh and matched the colors of the spray paint found in Dupree's possession. Other applications of similar graffiti were found in the vicinity. Dupree denied having applied the graffiti, claiming that he found the spray paint cans in the parking lot and some of the paint got on him.

On March 28, 2012, the Santa Clara County District Attorney filed an information charging Dupree with two counts of felony vandalism (§ 594, subds. (a), (b)(1), counts 1 & 2) and one count of misdemeanor possession of an item with intent to commit vandalism (§ 594.2, count 3). The information further alleged that Dupree served three prior prison terms (§ 667.5).

The case proceeded to trial in August 2012. Following three days of testimony, the jury found Dupree guilty of the lesser included offense of misdemeanor vandalism on counts 1 and 2 and guilty on count 3, misdemeanor possession of an item with intent to commit vandalism.

On December 14, 2012, the court suspended imposition of sentence and placed Dupree on probation for three years. Among the probation conditions imposed by the court were condition No. 15, providing that Dupree "shall not use or possess any graffiti-related materials or engage in any illegal graffiti-related activity, as directed by the Probation Officer." The court also imposed probation condition No. 16, which provides that Dupree "shall not associate with any persons known by him/her to be involved in illegal graffiti activity, as directed by the Probation Officer." Dupree did not object to any of the probation conditions.

Dupree timely filed a notice of appeal on February 4, 2013.

2

## II. DISCUSSION

A court of appeal may review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the issue can be resolved as a matter of law without reference to the sentencing record. (*In re Sheena K*. (2007) 40 Cal.4th 875, 888-889.) Thus, we can consider facial challenges to the constitutionality of probation conditions not objected to below, as such challenges "do[] not require scrutiny of individual facts and circumstances but instead require[] the review of abstract and generalized legal concepts." (*Id*. at p. 885.) Our review is de novo. (*In re Shaun R*. (2010) 188 Cal.App.4th 1129, 1143.)

### A. *Probation Condition No. 15*

Dupree challenges condition No. 15, barring him from "us[ing] or possess[ing] any graffiti-related materials or engag[ing] in any illegal graffiti-related activity," on vagueness and overbreadth grounds.

#### 1. *Vagueness*

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K*., *supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid*.) In determining whether a probation condition affords the probationer adequate notice as to what is required, we are guided by two principles. (*Ibid*.) First, "abstract legal commands must be applied in a specific *context*. A contextual application of otherwise unqualified legal language may supply the clue to a law's meaning, giving facially standardless language a constitutionally sufficient concreteness." (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116.) Second, "the language used must have ' "*reasonable* specificity" ' " only, not " 'mathematical certainty.' " (*In re Sheena K*., *supra*, at p. 890.) A probation condition is sufficiently specific " ' "if any reasonable and practical construction can be given its language or if its

3

terms may be made reasonably certain by reference to other definable sources.'' ' ''
(*People v. Lopez* (1998) 66 Cal.App.4th 615, 630 (*Lopez*).)

"[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].) Accordingly, courts have consistently ordered modification of probation conditions to incorporate a scienter requirement where a probationer could unknowingly engage in the prohibited activity. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modifying probation condition to prohibit knowing presence of weapons or ammunition]; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [modifying prohibition on association with gang members to prohibit association with known gang members]; *In re Kacy S.* (1998) 68 Cal.App.4th 704, 713 [modifying probation condition that defendant not associate with any persons not approved by his probation officer].)

Dupree maintains that condition No. 15 is unconstitutionally vague because (1) it does not define "graffiti-related materials," (2) it does not define "illegal graffiti activity," and (3) it lacks a scienter requirement. He requests that the condition be stricken or modified to state that he not "knowingly use for purposes of committing acts of vandalism or knowingly possess any graffiti-related materials as defined in Penal Code section 594.2, subdivision (a), with the intent to commit vandalism or graffiti."

The People respond that, although they consider a modification to include a knowledge requirement unnecessary, they do not object to a modification specifying that Dupree "not *knowingly* use or possess any graffiti-related materials or *knowingly* engage in any illegal graffiti-related activity, as directed by the Probation Officer." The People do not specifically respond to Dupree's other requested modifications, but appear to take the position that--in context--the condition is sufficiently clear.

Beginning with the scienter issue, we agree with Dupree that he might come to possess graffiti-related materials without his knowledge. Therefore, condition No. 15

4

should be modified to prohibit only knowing possession.  By contrast, it is difficult to imagine how Dupree might engage in any illegal graffiti-related activity without knowing he was engaging in such activity.  To the extent Dupree's argument is that he might not know his activity constitutes illegal graffiti-related activity, we reject it as inconsistent with the "fundamental principle that, in the absence of specific language to the contrary, ignorance of a law is not a defense to a charge of its violation."  (*Hale v. Morgan* (1978) 22 Cal.3d 388, 396.)  Accepting Dupree's argument would require that every probation order to "obey all laws" be modified to read:  "Do not *knowingly* violate any law." Neither that modification, nor the one Dupree (and the People) propose is necessary because the laws, including those prohibiting graffiti, provide fair warning of what conduct is prohibited.  Accordingly, we decline to modify condition No. 15 to prohibit only knowingly engaging in any illegal graffiti-related activity.

Considered in context and reasonably read, the phrases "graffiti-related materials" and "illegal graffiti activity" pass constitutional muster.  As Dupree suggests, those phrases may be ambiguous on their face.  But we must consider them, not in the abstract, but "in the context in which [they are] found in condition No. 15, and with regard for the purpose of" that probation condition.  (*Lopez*, *supra*, 66 Cal.App.4th at p. 631.) Condition No. 15 was imposed after Dupree's convictions for vandalism and possession of an item with intent to commit vandalism in violation of sections 594 and 594.2.  In that context, we think it is reasonably clear that the phrase "graffiti-related materials" refers to the graffiti materials as described and defined by section 594.2[2] and that "illegal

---

[2] Section 594.2 provides, in relevant part:  "(a) Every person who possesses a masonry or glass drill bit, a carbide drill bit, a glass cutter, a grinding stone, an awl, a chisel, a carbide scribe, an aerosol paint container, a felt tip marker, or any other marking substance with the intent to commit vandalism or graffiti, is guilty of a misdemeanor.  [¶] . . . [¶] (c) For the purposes of this section: [¶] (1) 'Felt tip marker' means any broad-tipped marker pen with a tip exceeding three-eighths of one inch in width, or any similar implement containing an ink that is not water soluble. [¶] (2) 'Marking substance' (continued)

graffiti-related activity" refers to violations of those Penal Code provisions prohibiting graffiti, including sections 594, 594.2, 640.5, and 640.6.  Because the phrases at issue are " ' "made reasonably certain by reference to" ' " the Penal Code, we decline Dupree's request to strike or further modify condition No. 15.  (*Lopez*, *supra*, at p. 630; see also *In re Justin S.*, *supra*, 93 Cal.App.4th at p. 815 [reference to existing law, including statutory definitions of terms in probation conditions, can provide sufficient notice of prohibited conduct].)

### 2.     Overbreadth

Dupree also contends that condition No. 15 is overbroad because it infringes his right to acquire, possess, and protect property.

"Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' [Citations.]  Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."  (*United States v. Knights* (2001) 534 U.S. 112, 119.) "[C]onditions infringing on constitutional rights . . . will pass muster if tailored to fit the individual probationer."  (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373.)  Thus, "[t]he essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights."  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

Dupree argues that condition No. 15 is not adequately tailored to its purpose of preventing him from committing further acts of vandalism because it restrains him from possessing items he may need in his daily life, such as magic markers to label materials at work.  We disagree with the basic premise of Dupree's argument, namely, that the

means any substance or implement, other than aerosol paint containers and felt tip markers, that could be used to draw, spray, paint, etch, or mark."

probation condition's prohibition includes items commonly used on a day-to-day basis. Probation conditions should be given the "meaning that would appear to a reasonable, objective reader." (*People v. Bravo* (1987) 43 Cal.3d 600, 606.) No reasonable person would read condition No. 15 to mean that Dupree cannot possess a marker with which to do legitimate work. Accordingly, we decline Dupree's request to strike condition No. 15.

### B. *Probation Condition No. 16*

Dupree contends that condition No. 16 is vague because it requires him to speculate as to whether other people may be involved in illegal graffiti activity. We disagree. To the contrary, condition No. 16 limits only Dupree's association with persons he "*know*[*s*] . . . to be involved in illegal graffiti activity." Courts, including this one, regularly conclude that probation conditions with explicit knowledge requirements, like the one in condition No. 16, pass constitutional scrutiny. (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073-1074 [modifying probation condition precluding defendant from associating with individuals engaged in certain activities to include a knowledge element and affirming as modified]; *People v. Leon* (2010) 181 Cal.App.4th 943, 950 [modifying gang-association probation condition to include knowledge requirement and affirming as modified]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103 [modifying probation condition to preclude association with persons *known* to be users or sellers of narcotics, felons or ex-felons and affirming as modified]; *Lopez*, *supra*, 66 Cal.App.4th at pp. 629, 638 [modifying gang-association probation condition by adding a knowledge element and affirming as modified].)

## III. DISPOSITION

Probation condition No. 15 is modified to read as follows: "The defendant shall not knowingly use or possess any graffiti-related materials or engage in any illegal graffiti activity, as directed by the Probation Officer." As so modified, the disposition order is affirmed.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Elia, J.

8