[No. H035329. Sixth Dist. Nov. 4, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
MARIO GABRIEL, Defendant and Appellant.

## COUNSEL

Thomas M. Hartnett, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Sharon Wooden, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MIHARA, J.**—Defendant Mario Gabriel appeals from judgments of conviction entered after he pleaded guilty to various charges and allegations in two

cases.[1] In both cases, the trial court suspended imposition of sentence and placed defendant on probation for three years. On appeal, defendant contends that the gang conditions should be modified to reflect the conditions orally pronounced by the trial court and the conditions are unconstitutionally vague. We agree and affirm the judgments as modified.

## I. Statement of Facts

### A. Case No. SS091125A

In April 2009, two police officers saw defendant approach a van while holding his front waistband and making confrontational gestures. The officers suspected that defendant was armed based on his behavior and body language. When they attempted to detain defendant, he fled. During the ensuing chase, the officers saw defendant throw a gun. The officers eventually apprehended defendant and recovered the gun. Defendant admitted that he was known as a Parkside Norteño from Huron, California.

### B. Case No. SS091848A

In August 2009, police officers stopped a vehicle that had been speeding. Defendant was the driver of the vehicle and his passenger was Mario Guzman, a Norteño gang member. Though defendant claimed that he had never been arrested in Salinas, a records check informed the officers that defendant had been arrested and was out on bail with conditions to obey all laws and not associate with any gang members. Defendant then apologized and acknowledged that he had violated a court order.

## II. Discussion

Defendant contends that the written gang conditions should be modified to reflect the conditions orally imposed by the trial court.

In case No. SS091125A, the trial court suspended imposition of sentence and imposed probation for three years. The trial court imposed various conditions of probation, including that defendant "[n]ot be present at any known gang gathering area" and "[n]ot associate with individuals you know

---

[1] In case No. SS091125A, defendant pleaded guilty to having a concealed firearm on his person (Pen. Code, § 12025, subd. (a)(2)) and admitted the special allegations that he was not the registered owner of the firearm (Pen. Code, § 12025, subd. (b)(6)), and that the commission of the offense was for the benefit of, or at the direction of, or in association with a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)). In case No. SS091848A, defendant pleaded guilty to a misdemeanor charge of disobeying a court order regarding conditions of bail (Pen. Code, § 166).

to be gang members, drug users, or on probation or parole." However, the minute order states that defendant must "[n]ot be present in any area you know, suspect, or are told by the [p]robation [o]fficer to be a gang-gathering area" and "[n]ot associate with any individuals you know or suspect to be gang members, drug users, or on any form of probation or parole supervision."

■ When there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 [121 Cal.Rptr.2d 603, 48 P.3d 1155].) Thus, the written gang conditions in case No. SS091125A must be modified to reflect the conditions orally imposed by the court.

In case No. SS091848A, the trial court imposed "the same terms and conditions as outlined on items—pages 18 and 19." These conditions required defendant, among other things, to "[n]ot associate with any individuals you know or suspect to be gang members, drugs users, or on any form of probation or parole supervision." Thus, the oral pronouncement is accurately reflected in the minute order. However, defendant argues that "inclusion of the word 'suspect' exposes [him] to criminal punishment for associating with individuals he may never know to be gang members," which renders the condition unconstitutionally vague.

■ "[P]robation is a privilege and not a right, and . . . adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights . . . . [Citations.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 384 [87 Cal.Rptr.3d 199, 198 P.3d 1].) However, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 [55 Cal.Rptr.3d 716, 153 P.3d 282].)

■ To "suspect" is "to imagine (one) to be guilty or culpable on slight evidence or without proof" or "to imagine to exist or be true, likely, or probable." (Merriam-Webster's Collegiate Dict. (10th ed. 1999) p. 1187 (*Webster's*).) To "imagine" is "to form a notion of without sufficient basis." (*Webster's*, at p. 578.) Given this lack of specificity, the word "suspect" fails to provide defendant with adequate notice of what is expected of him when he lacks actual knowledge that a person is a gang member, drug user, or on probation or parole. Moreover, inclusion of this word renders the condition insufficiently precise for a court to determine whether a violation has occurred. Accordingly, this condition must also be modified to delete the word "suspect."

### III. Disposition

The condition in case No. SS091125A is modified to read: "Not be present in any area you know or are told by the probation officer to be a gang gathering area." In case Nos. SS091125A and SS091848A, the conditions are modified to read: "Not associate with any individuals you know to be gang members, drug users, or on any form of probation or parole supervision." As modified, the judgments are affirmed.

Bamattre-Manoukian, Acting P. J., and Duffy, J., concurred.