Filed 3/15/13  P. v. Medina CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C069022 |
| Plaintiff and Respondent, | (Super. Ct. No. CM031872) |
| v. | |
| MIGUEL MEDINA, | |
| Defendant and Appellant. | |

Defendant Miguel Medina pleaded guilty to assault by means likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(1).)[1]  Great bodily injury (§ 12022.7, subd. (a)) and gang (§ 186.22, subd. (b)(1)) enhancements were dismissed with a *Harvey* waiver.[2]

---

[1] Subsequent undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

1

Defendant was placed on three years' formal probation, subject to various conditions including that he not associate with known gang members or persons known to be associated with a gang. Defendant was also required to register as a gang member.

The trial court later revoked probation following a contested hearing at which it found defendant violated the gang association condition. The trial court sentenced defendant to three years in state prison.

On appeal, defendant contends the probation condition prohibiting him from associating with any individual associated with a gang is unconstitutionally vague. He also contends there is insufficient evidence to support the trial court's finding that he violated this condition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Crime*

On November 9, 2009, defendant, codefendant David Guzman, and a third person ran out of a van and attacked two juveniles. One victim, E.R., was knocked to the ground and kicked in the head and body until he was rigid and unconscious. The other victim, M.R., was punched in the head and knocked to the ground when he tried to intervene. The attack did not stop until other people came to the victims' aid. The assailants " 'threw . . . a gang sign, an N for Norte[ñ]o,' " as they left in the van.

E.R. sustained a skull fracture and could not remember the assault. M.R. did not want to talk to the police in front of other people. When they were alone, he told the officer that prior to the van's stopping, the assailants yelled the word " 'Scrap,' " a slur used by Norteños against members of the rival Sureño gang, at them. Both victims associated and identified with the Sureño gang.

The van belonged to codefendant's cousin Gregorio Garcia Guzman, a documented Norteño member.

### *The Probation Conditions*

The trial court imposed the following probation condition: "The defendant SHALL NOT:  Be a member of any gang; and SHALL NOT associate personally or in writing, nor communicate directly or indirectly, with any person known by the defendant to be associated with, or a member of, any gang."  Defendant did not object to the condition.  Defendant was also required to register as a gang member.

### *The Violation Hearing*

The following evidence was taken at the contested hearing on the petition alleging defendant's probation violation.

Gridley Police Officer Scott Smallwood was the department's lead gang investigator.  On August 25, 2010, Officer Smallwood saw defendant at the Butte County Fair, where he was talking with Tyrone Garcia, Augustine Garcia, Edgar Garcia, and Ricardo Castanada.[3]  In Officer Smallwood's opinion, Tyrone, Edgar, and Augustine (who are brothers) were associates of the Norteño gang.  Castanada was a Norteño gang member.

Officer Smallwood, who knew defendant was on probation with a gang condition, told defendant he was violating his probation by being in contact with the Garcias and Castanada.  He advised defendant that he would report the matter to the probation officer, and asked defendant to leave the fairgrounds.

On September 2, 2010, Officer Smallwood was at the Garcia residence with immigration officials in regard to the Garcia family's association with Alvaro Velasquez, a known Norteño gang member who was about to be deported.  Jose Vallejo (a known Norteño member) was at the residence, as well as Augustine Garcia and Tyrone Garcia.  Later, Officer Smallwood saw defendant and Edgar Garcia approaching the residence

---

[3]  Ricardo Castanada's surname is sometimes spelled "Castaneda" in the record.

together.  Officer Smallwood reminded defendant he had previously told him not to associate with the Garcias due to their gang associations.

Officer Smallwood testified about a prior gang-related incident involving Edgar Garcia.  On March 17, 2010, Edgar Garcia and a known Norteño named Oscar Rivera were walking to Gridley High School when they met Roberto Gomez, a known Sureño associate.  Garcia and Rivera tried to taunt Gomez into fighting them.  One of the terms they used was "scrap."  In 2010 Edgar Garcia was in a car stopped for a traffic violation.  His brother Tyrone Garcia was driving; a Norteño associate and a Norteño member were the other passengers.  In the car was a compact disc that had the initials "E-S-C" written on it in red, representing the East Side Campos, a Norteño gang in Gridley.

Edgar Garcia testified that defendant was his lifelong friend.  Neither he nor his brothers were gang members or associates.  The school resource officer never told him that he and defendant could not be together.  A police officer who lived near him and had seen him and defendant together never said they could not associate.  The assistant police chief saw them together but never said they could not be together.  Officer Smallwood saw them together before seeing them at the fair and never said they could not be together.  Defendant did not say anything to Castanada when Castanada walked up to them at the fair.

According to defendant, he was good friends with Edgar Garcia and they spent a lot of time together.  Neither the school resource officer, the assistant police chief, Officer Smallwood, nor two other officers who saw defendant with Edgar Garcia said that they could not associate with each other because of defendant's probation condition.  Between the time he was placed on probation, June 30, 2010, and the incident at the fair, August 25, 2010, Officer Smallwood had seen defendant with Edgar Garcia and never told them this violated the probation condition.

When Castanada walked toward defendant at the state fair, defendant told Castanada that he could not associate with him because of his probation condition.  He

related this to Officer Smallwood when they met; the officer replied that he should not be with Edgar Garcia because he was a gang associate. Defendant told Officer Smallwood that the Garcia brothers were not gang members and he did not have anything to do with gangs. He then left the fair with his sister.

Defendant denied being a gang member or being involved with a gang in any way.

## DISCUSSION

## I

Defendant contends his probation violation should be reversed because the condition not to " 'associate . . . with any person you know to be associated with any criminal street gang' " is unconstitutionally vague. Defendant's argument focuses on the term "associated," which he claims "is susceptible to many interpretations, and therefore is vague." According to defendant, this term is impermissibly vague because, in the context of the probation condition, it "is dependent upon an analysis of the amount of time, or frequency, with which an associate of [defendant] hangs out with a gang member." Since the frequency of association that defendant alleges is necessary is not spelled out in the probation conditions, defendant concludes that it is unconstitutional. We disagree.[4]

To withstand a challenge on the ground of vagueness, a probation condition must be sufficiently precise for the probationer to know what is required of him. (*Sheena K.,* *supra,* 40 Cal.4th at p. 890.) "Two principles guide the evaluation of whether a law or . . . probation condition[] is unconstitutionally vague. First, 'abstract legal commands must be applied in a specific *context*. A contextual application of otherwise unqualified legal language may supply the clue to a law's meaning, giving facially standardless

---

[4] Since defendant's contention presents a pure question of law, we consider the claim notwithstanding his failure to object to the condition when it was originally imposed. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*).)

5

language a constitutionally sufficient concreteness.' [Citation.] Second, only reasonable specificity is required. [Citation.] Thus, a statute 'will not be held void for vagueness "if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources." ' [Citation.]" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) Where the terms of a statute or condition of probation have a reasonably understood meaning, the condition is not vague. (*People v. Rodriquez* (1975) 50 Cal.App.3d 389, 398.)

"Associate" is a common term, defined as: "1 : to join as a partner, friend, or companion." (Merriam Webster's Collegiate Dict. (11th ed. 2006) p. 75.) So long as the probation condition contains a knowledge requirement, limitations on association are not unconstitutionally vague. (See, e.g., *Sheena K., supra*, 40 Cal.4th at pp. 890-891, 892 [condition that defendant not associate with anyone disapproved by probation vague without knowledge requirement; condition modified to add knowledge requirement]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 911-912 [same]; *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1072-1073 [condition to " '[n]ot associate with any individuals you know or suspect to be gang members, drugs users, or on any form of probation or parole supervision' " vague because "suspect" insufficiently precise to provide adequate notice of expected behavior; condition modified to remove term].)

"Associate" and "associated" are common terms with readily understood meanings. A person of average intelligence would know that the condition does not prohibit a mere casual contact with a known gang member or associate. Rather, it prohibits friendship or companionship with such a person. While not mathematically precise, such precision is not necessary for a probation condition. Limits on association

6

with the knowledge requirement are reasonably precise and therefore not vague.  Such is the case here.[5]

## II

Defendant contends there is insufficient evidence to support the trial court's finding that he violated his probation condition to not associate with known gang members or gang associates.

Trial courts have very broad discretion in determining probation violations, and only in extreme cases should an appellate court interfere with the discretion of the trial court.  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)  Proof that a probationer has violated the conditions of probation need be made only by a preponderance of the evidence.  (*Id*. at p. 442.)

On appeal, we consider "whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision[,] . . . giv[ing] great deference to the trial court and resolv[ing] all inferences and intendments in favor of the judgment.  Similarly, all conflicting evidence will be resolved in favor of the decision."  (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fns. omitted.)

---

[5] We also reject defendant's contention that the condition is "vague because it is implicitly obeisant to the unproven opinion of other government officials, such as Officer Smallwood."  He claims defendant's and Edgar Garcia's "uncontradicted testimony" that Officer Smallwood and other law enforcement officials had seen defendant and Edgar Garcia together without mentioning the probation condition shows the condition's vagueness.  Defendant's claim is really an attack on the sufficiency of the evidence to sustain the finding that he violated probation, which we address in part II, at pages 7 through 9, *post*. In addition, defendant's argument assumes his and Edgar Garcia's testimony on this point was credible.  The trial court explicitly stated that defendant was not credible, and its ruling implicitly found the same for Garcia's similar testimony.  We will not second-guess those findings on appeal.  (*People v. Barnes* (1986) 42 Cal.3d 284, 306.)

Defendant argued there was only one "extremely ephemeral" documented instance of Edgar Garcia's associating with a gang member, the April 3, 2010, traffic stop of the car driven by his brother Tyrone, in which a known gang member and gang associate were present.

Defendant's argument overlooks the considerable other evidence showing that defendant violated his gang condition. Edgar Garcia and a known Norteño member tried to taunt an associate of the rival Sureños by calling him a "scrap," a Norteño slur for a Sureño. Defendant's contention that this term "is most likely widely known in the community," and that "[i]t is commonplace for a teenager's vocabulary to include all manner of derogatory words," asks us to ignore reasonable inferences supporting the judgment. While trial counsel could reasonably argue these inferences to the trial court at the probation violation hearing, the trial court could still reasonably conclude that use of an insult specific to the Norteño gang is evidence of association with that gang.

In his reply brief, defendant contends that some of the strongest evidence of gang association—Officer Smallwood's testimony about defendant's gang associations—is inadmissible hearsay and the officer never qualified as an expert. Defendant did not object to Officer Smallwood's testimony as hearsay or that he was qualified as an expert. His contention is thus forfeited on appeal. (*People v. Doolin* (2009) 45 Cal.4th 390, 438.) We additionally note that Officer Smallwood's testimony related background that could have qualified him as an expert had defendant made such a challenge—Officer Smallwood was the lead gang investigator for the Gridley Police Department; his job included staying apprised of all gang information in the city, as well as Butte and Sutter counties. He had been part of the gang unit for five years and one of the department's gang experts for the last three; had testified as a gang expert on more than one occasion; had reviewed gang-related reports, investigated gang-related crimes, taken three or four basic gang classes, and received advanced gang training; and attended regular regional meetings on gang information.

In light of Officer Smallwood's credentials, the trial court could reasonably rely on his opinion that the Garcia brothers were Norteño gang associates and that the individual seen with defendant at the fair was a Norteño member, and that Castanada and Vallejo were Norteño gang members. Given defendant's frequent association with Edgar Garcia, the fact that he was told at the state fair he was associating with gang members or associates, and that he nonetheless continued to associate with them, substantial evidence supports the finding that defendant violated the gang association condition.

**DISPOSITION**

The judgment is affirmed.

                                                 RAYE        , P. J.

We concur:


     NICHOLSON     , J.


     DUARTE       , J.