Filed 4/15/14  In re C.H. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re C. H., a Person Coming Under the Juvenile Court Law. | B249577 |
| | (Los Angeles County Super. Ct. No. PJ49639) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| C. H., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Morton Rochman, Judge and Robert Totten, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed with instructions.

Adrian K. Patton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews, and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court sustained a petition alleging that appellant H C. possessed a weapon on school grounds in violation of Penal Code section 626.10, subdivision (a)(1), a felony. The court found that appellant was a person described by Welfare and Institutions Code section 602, adjudged appellant to be a ward of the court, reduced the offense to a misdemeanor and placed appellant on home probation.

Appellant appeals from the order sustaining the petition and adjudging appellant to be a ward of the court, contending the minute order listing the terms of his probation incorrectly includes term number 28. Respondent agrees. We agree as well, and order the term stricken. We affirm the juvenile court's order in all other respects.

Facts

On August 22, 2012, appellant was in a classroom at Sylmar High School. A fellow student saw put him a knife in into a student storage drawer. Appellant's teacher looked into the drawer and found a folding knife. Appellant acknowledged that it was his drawer. According to high school dean Tommy Elmore, appellant admitted that the knife was his.

At the adjudication, appellant denied he put the knife in the drawer, denied the knife was his and denied telling Elmore the knife was his.

Discussion

At the disposition hearing, the juvenile court announced the terms of probation by number. The court read term 25, then next said, "28A, pay a fine of $10." On the minute order, terms 28 and 28A are checked. Term 28 reads: "Make reparation on all related losses are determined by the Probation Officer, including a service charge as authorized by 276(C) WIC."

A trial court's oral pronouncement of the terms of probation control over the clerk's minute order. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn 2; see also *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.) The entry of the terms in the minutes is a clerical function and any discrepancy is presumed to be the result of clerical error. (*People v. Price* (2004) 120 Cal.App.4th 224, 242.)

The reparation specified in term 28 is distinct from the restitution fine specified in term 28A. The restitution fine is mandated by Welfare and Institutions Code section 730.6, subdivision (b)(2). There is no such mandate for reparations.

Since the court did not impose term 28 at the dispositional hearing, we will order that term stricken.

Disposition

Term 28 of the June 10, 2013 minute order listing the terms of probation is ordered stricken. The juvenile court's order is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.*

We concur:

TURNER, P. J.

MOSK, J.

---

*     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.