Filed 4/27/15  P. v. Willis CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B257107 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 4PH02232) |
| v. | |
| TYLER HOLLAND WILLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donald S. Kennedy, Commissioner.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Blythe J. Leszkay and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Following his convictions on two felony counts of child molestation in 2009, Tyler Holland Willis was sentenced to state prison and subsequently released on parole, subject to multiple special conditions. After Willis was found to have violated his parole conditions, his parole was revoked and restored with an additional special condition prohibiting him from possessing any device capable of having access to the internet. On appeal, Willis challenges that condition of parole as overbroad and unreasonable. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Plea and Sentence in Underlying Offense*

In April 2009, Willis sold Xanax to a 13-year-old girl. After the girl had ingested some Xanax, Willis forced her to orally copulate him. He then forcibly digitally penetrated her vagina. Willis was arrested and charged in a two-count information with committing a lewd act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)) and forcible oral copulation (Pen. Code, § 288a (c)(2)). Willis pleaded not guilty.

In a negotiated agreement, Willis waived his right to a jury trial on October 27, 2009, pleaded no contest to both counts and was sentenced to concurrent three-year state prison terms.

### 2. *Release on Parole and Special Conditions*

Willis was homeless when he was paroled on June 5, 2013. Among the special conditions of his parole were that Willis submit to continuous electronic monitoring (Global Positioning System (GPS) technology), refrain from using the computer for any purpose which might further sexual activity (i.e., accessing or possessing sexually explicit material electronically or physically) (condition 90), refrain from regularly entering the property of others, except in certain enumerated circumstances (condition 109) and submit to a search of any electronic device (condition 95).

2

### 3. *Parole Violation Hearings*

Willis waived his right to counsel and represented himself at two separate parole violation hearings.

#### a. *First Parole Violation Hearing*

At the conclusion of the hearing on February 20, 2014, the court found Willis had violated the parole condition he refrain from regularly entering the property of others (condition 109), when he stayed several nights at an apartment without the permission of his assigned parole agent Javier Mata in December 2013. The court revoked and restored Willis's parole with the added condition that he serve 180 days in county jail.

#### b. *Second Parole Violation Hearing*

According to the evidence presented at the second parole violation hearing on May 9, 2014, Willis's computer was seized when he was arrested in December 2013. In March 2014, Parole Agent Mata asked Willis for the password to access the computer. Willis provided a password, but it did not work. After several attempts to access the computer using that password, Mata asked Willis to enter the password himself. Willis turned to another parole agent and said, "I do not want Agent Mata looking at my personal stuff on my computer." A third parole agent used forensic software to access the computer without using Willis's password. That agent discovered the computer had been used to visit several pornographic websites and contained 12 videos of Willis and an unknown woman engaged in sexual intercourse.

At the conclusion of the second hearing, the court found that Willis, by possessing pornography on his computer, had violated the condition of his parole that he refrain from using the computer for any purpose which might further sexual activity (condition 90). The court also found by refusing to give parole agents access to his computer, Willis

3

had violated the condition that he submit to the search of any electronic device (condition 95)[1].

Pertinent to the appeal are the following statements by the court, the prosecutor, Willis's parole agent, and Willis during the May 9, 2014 hearing:

"Court: Parole supervision is revoked and restored on the same terms and conditions as previously ordered. [P] You're the parole agent. Any additional conditions?

"Agent Mata: There is.

Court: Than what was originally given to him?

Agent Mata: I'd like to impose a condition that prohibits him from having possession or access to a laptop computer, or a cell phone with any type of –

Prosecutor: A condition of no access to a computer or access to the internet.

Willis: I object, your Honor. It's unrelated to my commitment offense.

Court: How is it unrelated? And I ask that only because, according to the petition, the original offense is lewd and lascivious acts with a child; and as a result of that there was a restriction on access to pornography, or anything to do with pornography, and it appears that you have violated that condition.

Willis: Yes, your Honor. But the original commitment offense has nothing to do with the computer. This is a violation of parole.

Court: Okay. I can understand your argument, but I disagree with the logic and the outcome. And you are not to possess any electronic device with access to the internet, and that's as long as parole deems necessary. So I'm making the order, but it's up to parole.

Prosecutor: You Honor, the parole agent is asking if it can be no access to the internet, as well as no laptop or computer. He can have a phone, but as long as it doesn't access –

---

[1]     Willis timely filed separate notices of appeal challenging the findings of each parole violation hearing. We granted Willis's motion to consolidate the appeals.

4

Court:  I said any electronic device.

Prosecutor:  Just specifically computer or laptop, as well, since it was used to record and create the sexually explicit videos.  So no computer, no laptop, or other computer-like device, and as well as access to the internet.  Thank you.

Court:  Any computer, laptop, or other electronic device capable of having access to the internet."

## DISCUSSION

### 1. *The Special Condition Expressed In The Minute Order Prevails Over The Court's Oral Pronouncement*

Relying on the court's oral pronouncement at the conclusion of the second parole violation hearing, Willis contends prohibiting him from possessing any electronic device "capable" of internet access is unreasonable and overbroad.  However, the People rely instead on the internet restriction as it is appears in the minute order, which prohibits Willis from possessing "any electronic device with access to the internet, computer or laptop, as long as parole deems necessary."  The People argue this written condition governing Willis's parole is neither unreasonable nor overbroad and Willis does not contend otherwise.  The threshold issue then is whether the internet restriction as orally pronounced or as expressed in the minute order controls in this case.

While ordinarily an oral pronouncement controls "[w]hen there is a discrepancy between the minute order and the oral pronouncement of judgment" (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073), this is not an inflexible "mechanical rule." (*People v. Smith* (1983) 33 Cal.3d 596, 599. "'It may be said … as a general rule that when, as in this case, the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation].  Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case.'" (*Smith* at p. 599; see *People v. Cleveland* (2004) 32 Cal.4th 704, 768 [minute order prevails over oral

5

pronouncement of one-year prior prison term enhancement, which was never charged in the information]; *People v. Harrison* (2005) 35 Cal.4th 208, 226 [minute order prevails over reporter's transcript, which misspelled defense counsel's name].)

Here, we conclude the May 9, 2014 minute order indicating Willis was prohibited from possessing "any electronic device with access to the internet, computer or laptop, as long as parole deems necessary" controls in light of what occurred at the May 9, 2014 hearing. After finding Willis in violation of his parole, the court solicited the opinion of Willis's parole agent Mata as to any additional conditions that should be imposed. In light of the violation of previous conditions, Mata and the prosecutor focused on a condition that would prevent Willis from downloading pornographic videos from internet websites as well as creating, recording and possibly posting his own pornographic videos. The use of electronic devices would only serve prohibited purposes if they connected to the internet; the mere capacity to be connected is not relevant to the conduct to be prohibited. The court could thus reasonably conclude Willis should be precluded from possessing any electronic device with internet access. We therefore conclude that the May 9, 2014 minute order, but not the transcript, accurately sets forth the internet restriction the court intended to imposed as an additional special condition of parole. (See *People v. Cleveland, supra,* 32 Cal.4th at p. 768.)

### DISPOSITION

The order is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.                    FEUER, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.