Filed 11/18/20  P. v. Shrofe CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRYAN WAYNE SHROFE,<br><br>    Defendant and Appellant. | D077254<br><br><br>(Super. Ct. No. SCN393011) |

APPEAL from a judgment of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed.

Appellate Defenders, Inc. and Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Bryan Wayne Shrofe entered a negotiated guilty plea for attempting to unlawfully possess ammunition while prohibited from doing so.  (Pen. Code,

§§ 664, 30305, subd. (a)(1).)[1] On appeal, Shrofe contends the trial court's oral pronouncement of judgment was erroneously transcribed and the abstract of judgment must be corrected. Specifically, Shrofe asserts the trial court intended to *stay* (not "state," as transcribed) the imposition of fines, fees, and assessments pending a formal hearing regarding his ability to pay. The People concede the abstract of judgment should be corrected. We accept the People's concession and direct the trial court to correct the abstract of judgment.

## BACKGROUND

We summarize the facts from the probation officer's report. In November 2018, officers observed Shrofe driving through a closed business parking lot, in an area where recent vandalism and auto thefts had occurred. Officers conducted a traffic stop of his vehicle because the rear license plate was obstructed. Shrofe could not properly identify himself, and in his vehicle, officers found two methamphetamine pipes, a 15-round high-capacity pistol magazine, and 37 rounds of ammunition. It was determined that Shrofe's driver's license was suspended, and he was a convicted felon.

Shrofe was charged with attempting to unlawfully possess ammunition while prohibited from doing so (Pen. Code, §§ 664, 30305, subd. (a)(1); count 1); possessing paraphernalia used for narcotics (Health & Saf. Code, § 11364; count 2); and driving a motor vehicle while his privilege was suspended or revoked (Veh. Code, § 14601.1, subd. (a); count 3). As to count 1, it was alleged that Shrofe committed the offense while released from custody on bail pending final judgment on an earlier felony offense (Pen. Code, § 12022.1, subd. (b).)

---

[1]  Further unspecified statutory references are to the Penal Code.

In a negotiated plea agreement, Shrofe pleaded guilty to count 1, the People agreed to dismiss counts 2 and 3, and he stipulated to a four-month term, consecutive to a sentence that was imposed in two other cases,[2] for a total term of two years and four months.

At the sentencing hearing, the trial court sentenced Shrofe to the stipulated prison term. According to the reporter's transcript, the court then orally declared as follows: "The restitution fine, $300 pursuant to 1202.4(b) and 1202.45, the later [sic] to be stayed and will remain so unless and until supervision is revoked. Court security will be $40, [Immediate Critical Needs Account] $30, criminal justice administration fee $154. Subject to DNA testing pursuant to Penal Code section 296. State [sic] fines, fees, and court costs pending formal hearing re ability to pay."

The abstract of judgment reflects the court's imposition of the statutory restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)) and a matching suspended parole revocation fine (*id.*, § 1202.45). The abstract further reflects: an assessment of $40 (*id.*, § 1465.8); an assessment of $30 (Gov. Code, § 70373); and a fee of $154 (*id.*, § 29550). The abstract of judgment does not reflect that fines, fees, and assessments are stayed pending a formal hearing regarding Shrofe's ability to pay.

This appeal followed.

DISCUSSION

Shrofe argues the abstract of judgment must be corrected to reflect that fees, fines, and assessments are stayed pending a formal hearing on his ability to pay. He notes the reporter's transcript of the sentencing hearing contains a transcription error in that the line beginning, "State fines, fees,

---

2    In one case, Shrofe was convicted by jury of burglary, and in the other case, he pleaded guilty to two counts of unlawful firearm possession.

3

and court costs pending formal hearing," should say, "*Stay* fines, fees, and court costs. . . ." (italics added). Moreover, Shrofe maintains that even if the court actually said "state," its clear intention was to condition fines, fees, and assessments on his ability to pay. The People concede the abstract of judgment should be corrected. The People's concession is appropriate.

The abstract of judgment is not a judgment of conviction; the oral pronouncement is rendition of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*); *People v. Mesa* (1975) 14 Cal.3d 466, 471.) Generally, when there is a discrepancy between a written record of the judgment and the oral pronouncement of judgment, "the oral pronouncement controls." (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.) Courts may correct clerical errors at any time. (*Mitchell,* at p. 185.) When " 'the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence . . . . [What prevails] must depend upon the circumstances of each particular case.' " (*People v. Smith* (1983) 33 Cal.3d 596, 599; see *People v. Cleveland* (2004) 32 Cal.4th 704, 768.)

Based on the context of the trial court's statements at the sentencing hearing, it is clear the court *stayed* the imposed fines, fees, and assessments pending a formal hearing regarding defendant's ability to pay. As the parties agree, there would be no reason for the court to explicitly reference a "formal hearing re ability to pay" except to condition the imposed fines and fees on Shrofe's ability to pay. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94-96, review granted Nov. 13, 2019, S257844; *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164 [staying fine "unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay"].) The abstract of judgment should be corrected accordingly.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a new abstract of judgment to reflect that fines, fees, and assessments are stayed pending a formal hearing regarding defendant's ability to pay. The trial court shall forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.


                                                        GUERRERO, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

5