Filed 4/19/22  P. v. Duran CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHELLE DIAZ DURAN,<br><br>    Defendant and Appellant. | D079512<br><br><br>(Super. Ct. No. JCF003929) |

APPEAL from a judgment of the Superior Court of Imperial County, William Derek Quan, Judge.  Reversed and remanded with directions.

Jason L. Jones, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

After entering a no contest plea to felony assault with force likely to cause great bodily injury, Michelle Diaz Duran failed to comply with a term of her plea agreement that required her to appear at her sentencing hearing.

Although the parties agreed to a suspended sentence, because Duran failed to appear at the sentencing hearing, the court imposed the upper term of four years in state prison.

On appeal, Duran contends the sentence must be vacated and the matter remanded for resentencing in light of Senate Bill No. 567 (Senate Bill 567), which amended Penal Code[1] section 1170, subdivision (b) to make the middle term the presumptive sentence absent certain circumstances. Duran further contends the minute order and abstract of judgment reflect a conviction for the wrong offense, and she requests the documents be corrected to reflect the conviction is for assault with force likely to cause great bodily injury.

The Attorney General agrees with Duran on both contentions. We accept the concessions, and we will remand the matter for resentencing, with instructions to correct the abstract and minute order.

BACKGROUND AND PROCEDURAL FACTS

The State charged Duran with felony criminal threats (§ 422, subd. (a); count 1), misdemeanor battery (§ 242; count 2), misdemeanor violation of a criminal protective order (§ 166, subd. (a)(4); count 3), and felony assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). The charges stemmed from an incident at Duran's mother's home in January 2021, during a time period when Duran's mother had an active court order prohibiting

---

[1] Section references are to the Penal Code.

Duran from contacting her.[2]  Duran's sister reported that Duran had become physically aggressive and scratched her face, leaving two small, half-inch lacerations.  Duran also threatened to kill her sister's daughter.  Duran told police she had been attacked by her mother and sister but showed no signs of injury.

Duran pled no contest to count 4 under the terms of a plea agreement that dismissed the remaining counts, with *Harvey* waivers (*People v. Harvey* (1979) 25 Cal.3d 754).  Under the terms of the agreement, Duran was to be sentenced to the upper term of four years, suspended, with three years of formal probation.  The agreement required Duran to appear for her probation interview and her sentencing hearing; the failure to do either would result in the sentence portion of the agreement being cancelled and Duran being sentenced unconditionally without the option of withdrawing her plea.

Duran did not appear for her sentencing hearing on March 10, 2021.  The court held a hearing September 20, 2021 regarding the failure to appear, during which it found Duran in willful violation of the plea term.  The court then imposed the upper term sentence of four years.  The abstract of judgment and the minutes from sentencing state that Duran pled no contest to assault with a deadly weapon.

Duran timely appealed.

## DISCUSSION

In 2007, the U.S. Supreme Court held that California's procedure for selecting upper terms sentences under former section 1170, subdivision (b)

---

[2]  The details of the underlying incident are not relevant to the matter before us.  The court used Calexico Police Department Report Number C21-01450 as the factual basis for the plea, as stipulated by the parties.  We provide some information for context, taking the details from the probation report.

3

violated the constitution because it gave authority to the trial judge to find facts that exposed a defendant to an upper-term sentence rather than leaving that action to the jury. (*Cunningham v. California* (2007) 549 U.S. 270, 274.) The California Legislature responded by amending section 1170, subdivision (b), eliminating the requirements of judicial factfinding required to impose lower or upper terms and granting judges discretion to select any term within the statutory range. (Stats. 2007, ch. 3, § 2.)

In 2021, the Legislature approved Senate Bill 567, non-urgency legislation, which amended section 1170, subdivision (b) by making the middle term the presumptive sentence unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3 [adding §§ 1170, subd. (b)(1) & (2)].) Effective January 1, 2022, the amended section 1170, subdivision (b) provides that a trial court may impose an upper term sentence only when there are circumstances in aggravation and either the defendant has stipulated to the facts underlying the aggravating circumstances or those facts have been found true beyond a reasonable doubt. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*).) Courts may also rely on certified records of a defendant's prior convictions in determining the sentence without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3); Stats. 2021, ch. 731, § 1.)

At the time Senate Bill 567 became effective, Duran's judgment was not yet final. Because the legislation reduces the presumptive punishment and there is no indication the Legislature intended Senate Bill 567 to apply only prospectively, the new law applies retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 744, 746 [absent contrary evidence, ameliorative amendments to statutes apply to all whose judgments are not yet final on the operative date];

see also *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307-308; *Flores, supra,* 75 Cal.App.5th at p. 500 [applying Senate Bill 567 retroactively].)

Duran contends that because the upper term sentence was imposed using discretion that is broader than is currently permitted without the required factual findings, the matter must be remanded for a new sentencing hearing conducted in accordance with the current version of section 1170, subdivision (b). The Attorney General concedes the new legislation applies in this case.

Here, the parties agreed that if Duran willfully failed to appear at the sentencing hearing, the sentencing agreement would be cancelled, and the court would sentence her unconditionally. The trial court found she violated that plea term; thus, there was no longer an agreement requiring she be sentenced to the upper term. And when the trial court imposed the upper term, it failed to address any aggravating or mitigating factors. Accordingly, we will remand the matter with instructions to resentence Duran in accordance with section 1170, subdivision (b).

Duran separately requests we remand the matter with instructions to correct the minute order and abstract of judgment to reflect the conviction for assault with force likely to cause great bodily injury under section 245, subdivision (a)(4). The Attorney General agrees.

Generally, when there is a discrepancy between a written record of the judgment and the oral pronouncement, "the oral pronouncement controls." (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.) The abstract of judgment and minute order currently reflect a conviction for assault with a deadly weapon even though Duran pled no contest to assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). We will direct the trial court

5

to correct the abstract of judgment and to send an amended copy to the Department of Corrections and Rehabilitation.

DISPOSITION

The sentence is vacated, and the case is remanded to the superior court with directions to hold a hearing to resentence Duran consistent with section 1170, subdivision (b), as amended. We further direct the trial court to correct the minute order and abstract of judgment to reflect that the conviction was the result of a no contest plea to assault with force likely to cause great bodily injury. Finally, the superior court is directed to forward an amended abstract to the Department of Corrections and Rehabilitation.


HUFFMAN, J.

WE CONCUR:



McCONNELL, P. J.



O'ROURKE, J.