Filed 12/7/23  P. v. Green CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEMONE LEE GREEN, SR.,<br><br>    Defendant and Appellant. | A167528<br><br>(Napa County Super. Ct.<br>No. 21CR001550) |

Defendant Demone Lee Green, Sr. appeals a two-year sentence imposed by the trial court after Green pleaded no contest to one felony count of carrying a dirk or dagger and admitted a prior strike.  Green's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Having done so, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Around 12:30 a.m. on May 31, 2021, Napa County Deputy Sherriff Angel Maldonado observed a grey Acura on State Route 29 without a license

---

[1]  The factual summary in this case is taken from the related police report, which ultimately formed the factual basis for Green's plea.

1

plate. When the deputy initiated a traffic stop, he learned that Green, who had been driving the vehicle, was on parole for assault with a deadly weapon (a knife). After Green was detained and removed from the vehicle, a search of his person disclosed a folding knife in the locked/open position concealed in his rear back pocket. A methamphetamine pipe was also located in the driver's side map pocket of the vehicle. Green was arrested.

On September 16, 2021, the Napa County District Attorney filed an information, charging Green with felony carrying of a dirk or dagger (Pen. Code,[2] § 21310, count 1) and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, count 2). Count one was enhanced with allegations that Green previously had been convicted of a serious or violent felony within the meaning of section 667, subdivisions (b) through (i) (e.g., § 245, subd. (a)(1), 12022.7). Green (who was on supervised release) waived his right to a speedy trial, and several continuances were granted so that defense counsel could explore the possibility of drug court, the impact of new legislation, and Green's history of childhood trauma and mental illness for use in a possible diversion motion or for sentencing mitigation.

On October 31, 2022, defense counsel filed a pleading entitled "Biographical and Mitigating Information Relevant to Settlement Discussions." On November 2, 2022, the Napa County District Attorney filed the operative amended information in this case, which, in addition to the allegations from the original information, added numerous alleged circumstances in aggravation under California Rules of Court rule 4.421, including that Green was armed with a weapon and that his prior performance on parole was unsatisfactory. On November 4, 2022—after executing a waiver of rights and plea form—Green pleaded no contest to

_____

[2] All undesignated statutory references are to the Penal Code.

2

count one and admitted the prior strike allegation. Pursuant to the plea, Green's maximum period of incarceration was set at 32 months. Count two and the special allegations in aggravation were dismissed with a *Harvey*[3] waiver. The trial court found Green's waivers to be knowing and voluntary.

Prior to sentencing, defense counsel submitted a sentencing statement and *Romero*[4] motion, requesting that the court exercise its discretion to strike Green's prior strike. The prosecution opposed the motion, arguing that Green should be sentenced to the maximum of 32 months in prison based on the seriousness of his conviction history. At the sentencing hearing on January 23, 2023, the trial court struck Green's prior conviction but denied probation, stating that Green's prior performance on parole had been "horrendous." Thereafter, noting Green would qualify for half time since it struck the strike, the court sentenced Green to the mid-term of two years. It ordered one day of custody credit, imposed a restitution fine of $300 (§ 1202.4), and imposed and stayed a parole revocation fine of $300 (§ 1202.45). This timely appeal followed.

## DISCUSSION

As discussed above, Green appeals from the trial court's January 2023 sentencing order made after he pleaded no contest to felony carrying of a dirk or dagger and admitted a prior strike. We appointed counsel to represent Green on appeal. After examining the record, counsel filed a *Wende* brief raising no issues and requesting that we independently review the record. (*Wende, supra*, 25 Cal.3d 436, 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.) Green was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so.

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.
[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

We have examined the entire record and are satisfied that Green's attorney has complied with his responsibilities and that no arguable issue exists. We do note that the sentencing minute order and the abstract of judgment indicate that the court imposed a court security fee of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373) in this case, as recommended by probation. The reporter's transcript, in contrast, discloses that the trial court did not orally impose these two fees. Generally, when there is a discrepancy between a written record of the judgment and the oral pronouncement, "the oral pronouncement controls." (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.) However, these fees are mandatory, and Green failed to object to them—or indeed to any fees—at sentencing on grounds of inability to pay. He has therefore forfeited the issue. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054.) Under the circumstances, we will deem the minute order and abstract of judgment to prevail over the reporter's transcript. (See *People v. Cleveland* (2004) 32 Cal.4th 704, 768; see also *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157 [where trial court fails to impose a mandatory fee or assessment, appellate court may do so on appeal].)

In contrast, as stated above, the trial court orally imposed a restitution fine of $300 (§ 1202.4) and imposed and stayed a parole revocation fine of $300 (§ 1202.45), and the minute order memorializes this fact. The abstract of judgment, however, does not reflect these fines. We will therefore issue a limited remand so that the trial court can correct this error in the abstract of judgment.

## DISPOSITION

The case is remanded to the trial court with instructions to the court clerk to amend the abstract of judgment to reflect the imposition of the $300 restitution fine (§ 1202.4) and the $300 imposed and stayed parole revocation fine (§ 1202.45).  The clerk shall forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

GETTY, J.*

WE CONCUR:


MARGULIES, ACTING P.J.


BANKE, J.


A167528N

* Judge of the Solano County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.