Filed 5/24/24  P. v. Razo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL RAZO,<br><br>    Defendant and Appellant. | C099654<br><br>(Super. Ct. No. CRF23-00966-02) |

Appointed counsel for defendant Jose Manuel Razo asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed that, although defendant's plea agreement provided for dismissal of charges other than those to which he pleaded no contest, the trial court failed to orally dismiss those charges following defendant's plea and sentencing.  We will amend the judgment to address this

1

error.  Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment as modified.

## FACTS AND HISTORY OF THE PROCEEDINGS

In April 2023, the People charged defendant with second degree burglary (Pen. Code, § 459, count II) (unless otherwise stated, statutory section citations that follow are to the Penal Code); grand theft (§ 487, subd. (a), count III); and receiving stolen property (§ 496, subd. (a), count IV).  We note that, as to Count I, the charge of making criminal threats (§ 422, subd. (a), count I) was alleged solely against defendant's codefendant, Christopher Cody Donovan.  The complaint alleged all other counts jointly against defendant and Donovan.

On August 9, 2023, defendant moved to relieve his then counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  After holding a hearing, the court denied the motion.

On August 10, 2023, defendant resolved his case by pleading no contest to burglary and grand theft, counts II and III.  As the factual basis for the plea, the People stated that, on or about April 19, 2023, the victims went to their residence that had a shop on the property, which had been burglarized earlier in the day, in order to secure the property from further break-ins.  When they arrived, they saw a vehicle driven by defendant leaving the property and gave chase.  At some point the vehicle stopped, and defendant's passenger, Donovan, got out and ran away.  In defendant's vehicle were an air compressor, a chop saw, and a chain saw that had been stolen from the property.  The value of the stolen items exceeded $950.  There were numerous other tools in the vehicle. A safe inside the shop had been moved.  Footprints on the safe made subsequent to the earlier burglary matched defendant's shoes, showing that defendant was inside the shop and likely trying to steal the safe.

2

In exchange for pleading no contest, the trial court was to dismiss the remaining count for receiving stolen property (§ 496, subd. (a)) and sentence defendant to two years eight months, as well as impose a concurrent sentence for violation of postrelease community supervision (PRCS). In the plea form defendant states: "I understand that as part of the plea agreement bargain, the following counts will be dismissed after sentencing: Ct III [*sic*] – PC 496(a)[.]" The form was signed by defendant, defense counsel, and the district attorney. The trial court also signed the form, making findings consistent with its oral examination of defendant, accepting defendant's plea and admissions, and convicting him on that basis. At the plea hearing, however, there was no discussion of the disposition of the remaining count. The clerk's minutes from the plea hearing state: "Remaining counts [*sic*] taken under submission."

The court sentenced defendant two years eight months on counts II (§ 459) and III (§ 487, subd. (a)) in accordance with the plea agreement. The clerk's minutes from the sentencing hearing state: "Remaining counts [*sic*] dismissed." The abstract of judgment reflects defendant's plea and sentencing only on counts II (§ 459) and III (§ 487, subd. (a)). However, at the sentencing hearing, the trial court did not orally dismiss count IV (§ 496, subd. (a)) against defendant, nor did the People move for dismissal.

The court imposed various fines and fees, ordered defendant to pay restitution, and awarded defendant conduct and custody credits.

Defendant timely appealed and his request for a certificate of probable cause was denied.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests the court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right

3

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the trial court's failure to orally dismiss the remaining charge as contemplated by defendant's plea agreement, which identifies the wrong count number but the right charge to be dismissed. To be sure, the clerk's minutes refer to matters that did not occur at the plea hearing or at sentencing. Generally, "[w]hen there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls." (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073; *People v. Clark* (2021) 67 Cal.App.5th 248, 260-261.) But " ' "[w]hen a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.) Moreover, it is clear from the plea form, the plea hearing, and sentencing, as well as the abstract of judgment, that the trial court intended to dismiss count IV (§ 496, subd. (a)). Accordingly, we will modify the judgment to correct this omission. We find no other arguable error that would result in a disposition more favorable to defendant. Consequently, we will affirm the judgment as modified.

DISPOSITION

The judgment is modified to dismiss count IV of the complaint against defendant. The judgment is affirmed as modified.

 

_____

HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

FEINBERG, J.