Filed 8/7/25  P. v. Alhassan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ISMAIL ALHASSAN,<br><br>　　　Defendant and Appellant. | D084277<br><br><br>(Super. Ct. No. SCE421979) |

APPEAL from a judgment of the Superior Court of San Diego County, Lilys D. McCoy, Judge.  Affirmed as modified.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Daniel Rogers and Caelle Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Ismail Alhassan appeals from a judgment of felony probation after a jury convicted him of committing a lewd act on a 15-year-old boy.  He only challenges two of the conditions of probation on appeal.  We modify these conditions and affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Alhassan of one count of committing a lewd act upon a child 14 or 15 years old.  (Pen. Code, § 288, subd. (c)(1).)  The conviction was based on an incident when Alhassan approached a 15-year-old boy at a bus stop, tried to engage him in conversation, got on the same bus and sat close to him, got off the bus at the same stop, and eventually touched and caressed the boy's genitals without his consent.

At sentencing, the court suspended imposition of sentence and placed Alhassan on two years formal probation with conditions.  Probation condition 10(O) stated: "Do not knowingly possess/have in your home toys, video games, or similar items that you know, or your P.O. or other law enforcement officer informs you, attracts children."  Alhassan did not object to this condition at sentencing.

Alhassan did object to probation condition 10(Q), which stated: "Do not participate in computer chat rooms or otherwise knowingly contact minors, or persons you believe to be minors, via computer."  Alhassan argued at sentencing that this condition should be limited to "computer chat rooms involving minors" and should not apply to adult chat rooms.  The court orally agreed to modify this condition to state: "Do not participate in computer chat rooms unless they are clearly for adults and there are no children present."  However, the final written order granting probation did not include this modification.

DISCUSSION

Alhassan first argues that probation condition 10(O) regarding possession of toys, video games, or similar items that "attract children" should be stricken as unconstitutionally vague.  Although the People assert that Alhassan forfeited this contention, they "nonetheless agree[] that the

2

condition should be modified to avoid any vagueness issue if the argument is properly raised on appeal." Specifically, the People acknowledge that the condition as written does not provide reasonable specificity and "should be modified to clarify that Alhassan is not to knowingly possess toys, video games, or similar items for the purpose of attracting children or using them with children."

We conclude that Alhassan has not forfeited this issue by failing to object in the trial court. A facial challenge to a probation condition on vagueness grounds presents a pure issue of law that may be asserted for the first time on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885, 888–889 (*Sheena K.*).) "Consideration and possible modification of a challenged condition of probation, undertaken by the appellate court, may save the time and government resources that otherwise would be expended in attempting to enforce a condition that is invalid as a matter of law." (*Id.* at p. 885.)

On the merits, we accept the People's concession. The underpinning of a vagueness challenge is the due process concept of fair warning. (*Sheena K., supra*, 40 Cal.4th at p. 890.) A probation condition must be sufficiently precise for the probationer to know what is required and for the court to determine whether it has been violated. (*Ibid.*) A probation condition that either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application violates due process. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1184.)

Probation condition 10(O) is unconstitutionally vague because it does not adequately identify the items Alhassan is prohibited from possessing. It would essentially require Alhassan to guess what things that are similar to toys or video games might "attract children." Would that include a computer

3

or other electronic device with game apps?  What about a baseball glove or a football?  A deck of cards?  Children may be attracted to many items that adults use for entertainment or recreation.  The vague "attract children" language of this probation condition does not provide reasonable specificity or fair warning of the items Alhassan is prohibited from possessing.

An appellate court may modify a probation condition to cure its vagueness.  (See *Sheena K., supra*, 40 Cal.4th at pp. 885, 887.)  The People's proposed modification of probation condition 10(O) would delete the problematic "attract children" language and focus instead on Alhassan's possession of toys, video games, or similar items *for the purpose* of attracting children or using them with children.  This modification would eliminate the need for Alhassan to guess what types of items in his possession might have the potential to attract children, and instead require him to refrain from possessing toys, video games, and similar items for the purpose of attracting children.  Alhassan would not have to guess at his own purpose in possessing such items.  And with this modification, the phrase "toys, video games, or similar items" is sufficiently precise to provide fair warning because it denotes something that is used primarily for entertainment.  Because we conclude that the People's proposal would cure the vagueness problem, we will order probation condition 10(O) modified accordingly.

Alhassan next argues that probation condition 10(Q) should be amended to reflect the court's oral modification at sentencing.  The People concede the issue, and we accept the concession.  The order granting probation should be corrected to conform to the court's oral modification of probation condition 10(Q) at the sentencing hearing.  (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.)

4

DISPOSITION

Probation condition 10(O) is modified to read as follows: "Do not knowingly possess or have in your home toys, video games, or similar items for the purpose of attracting children or using with children."  Probation condition 10(Q) is modified to read as follows: "Do not participate in computer chat rooms unless they are clearly for adults and there are no children present, and do not otherwise knowingly contact minors, or persons you believe to be minors, via computer."  The trial court is directed to amend the order granting probation to reflect these modifications.  As so modified, the judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

CASTILLO, J.

5