Filed 12/29/21  P. v. Bulich CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>HAROUN STEPHEN BULICH,<br><br>    Defendant and Appellant. | G059257<br><br>(Super. Ct. No. 19HF0092)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge.  Affirmed in part, and remanded with directions.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General.

\*          \*          \*

Appellant Haroun Stephen Bulich appeals from a sentence imposing various fees and fines, contending the trial court improperly imposed a $500 domestic violence discretionary fee, and failed to clarify which fees and fines were imposed or waived. For the reasons stated below, we conclude the matter should be remanded for correction of the minute order and clarification.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *Plea Agreement and Suspended Imposition of Sentence*

On April 24, 2019, the Orange County District Attorney filed an information charging appellant with: (1) felony assault with force likely to produce great bodily injury (Pen. Code § 245, subd. (a)(4))[1]; (2) misdemeanor domestic battery with corporal injury (§ 273.5, subd. (a)); and (3) misdemeanor violation of a protective order (§ 166, subd. (c)(1)). The information also alleged a great bodily injury (GBI) enhancement (§ 12022.7, subd. (a)) and a prison prior enhancement (§ 667.5, subd. (b)).

On May 13, 2019, pursuant to a plea agreement, appellant pled guilty to felony assault and misdemeanor domestic battery counts and admitted the GBI and prison prior enhancements in exchange for dismissal of the misdemeanor violation of a protective order count and three years of formal probation.

That same day, the trial court suspended imposition of sentence and placed appellant on probation for three years, with credit for time served. The court stated the "[r]emaining terms of probation are on the guilty plea . . . you initialed and signed." The May 13, 2019 minute order reflects that in accordance with the plea agreement, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine (§§ 1202.44 & 1202.45) which it suspended, a $40 court operations fee (§ 1465.8)

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

per count, a $30 criminal conviction assessment fee (Gov. Code, § 70373, subd. (a)(1)) per count, and a $500 domestic violence prevention fund fee (§ 1203.097, subd. (a)(5)). The minute order also reflects the imposition of a $500 domestic violence discretionary fee, despite the fact that the plea agreement stated the fee would be only $200.

B. *Probation Violation and Imposition of Sentence*

On September 18, 2019, appellant admitted violating the terms of his probation. On July 29, 2020, the trial court terminated appellant's probation and sentenced him to six years in prison. The court stated it "will waive all fines and fees that you ordinarily would have to pay through the Department of Corrections."

The July 29, 2020 minute order states that the court imposed a $300 restitution fine, a $300 parole revocation restitution fine which it suspended, a $40 court operations fee per count, and a $30 criminal conviction assessment fee per count. It also states that the "[c]ourt orders balance of fines/fees Suspended." The August 5, 2020 abstract of judgment reflects the fees and fines indicated in the minute order.

Appellant filed a timely notice of appeal on August 6, 2020.

On March 24, 2021, appellant filed a motion asking the trial court to correct errors in the imposition of fines and fees and to amend the August 5, 2020 abstract of judgment. On March 26, 2021, the trial court issued an amended abstract of judgment.

II

DISCUSSION

Appellant raises three sentencing issues. First, he contends the May 13, 2019 minute order should be corrected to reflect a $200 domestic violence fee, rather than a $500 fee. Second, he argues the July 29, 2020 minute order is susceptible to an interpretation that duplicative fines and fees were imposed. Finally, he contends the trial court's oral pronouncement that it would waive certain fines and fees at the July 29, 2020 sentencing hearing requires clarification. We address each issue in turn.

3

A. *The May 13, 2020 Minute Order*

As set forth above, at the May 13, 2019 sentencing hearing following appellant's plea, the trial court orally pronounced the terms and conditions of probation would include those set out in the written plea, which included a $200 domestic violence discretionary fee. The May 13, 2019 minute order, however, indicated that a $500 domestic violence discretionary fee was imposed. "When there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls." (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073 [probation conditions must conform to oral pronouncement].) Respondent concedes the minute order was incorrect, and requests this court "exercise its independent authority to order the trial court to correct the minute order to conform to the trial court's oral orders." Accordingly, we will remand the matter and order the trial court to correct the May 13, 2029 minute order to conform to the trial court's oral order.

B. *The July 29, 2020 Minute Order*

As noted, the May 13, 2019 minute order reflects the imposition of restitution fines, criminal conviction assessment fees, and court operations fees. The July 29, 2020 minute order reflects the same fines and fees. Appellant argues the court erred by imposing these fines and fees twice, once on May 13, 2019, when it placed appellant on probation, and again on July 29, 2010, when it terminated probation and sentenced him.

A sentencing court may not impose a second restitution fund fine upon revocation of probation because the fine initially imposed at the time of the grant of probation remains in place, with or without regard to the subsequent revocation of probation. (See *People v. Preston* (2015) 239 Cal.App.4th 415, 423; *People v. Chambers* (1998) 65 Cal.App.4th 819, 820.) By similar reasoning, a second court security fee and a second criminal conviction assessment, both of which are, by statutory language, tied to a

defendant's conviction, may not be imposed for the same conviction. (See *People v. Crittle* (2007) 154 Cal.App.4th 368, 371.) Because the July 29, 2020 minute order may be misinterpreted as imposing duplicative fines and fees, we will order the trial court to modify the minute order to reflect the correct fines and fees.

C. *Remand Is Appropriate*

At the July 29, 2020 sentencing hearing, the trial court stated it "will waive all fines and fees that you would ordinarily have to pay through the Department of Corrections." As noted, the July 29, 2020 minute order restates the previously imposed restitution fines, court operations fee, and criminal conviction assessment fee. It also states that the "[c]ourt orders balance of fines/fees Suspended." After independently reviewing the transcript of the sentencing hearing and the related minute orders, we cannot determine what fines or fees were "waived" or "balance of fines/fees" suspended. The amended abstract of judgment, issued while this appeal was pending, does not resolve the issue because (1) it does not address what fines or fees, if any, were waived or suspended, and (2) it was not signed or issued by the sentencing judge. We cannot determine whether the abstract of judgment conforms to the trial court's oral pronouncement of sentence. Moreover, because the matter must be remanded to correct the minute orders, we believe it appropriate to remand the case for the trial court to clarify what fines or fees, if any, were waived or suspended, and to modify the judgment and abstract of judgment accordingly, if necessary.

## III

### DISPOSITION

The conviction is affirmed, and the matter remanded for further proceedings in accordance with this opinion

ZELON, J.*

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.