Filed 8/28/24  P. v. Foy CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TYRELL FOY,<br><br>    Defendant and Appellant. | F086323<br><br>(Super. Ct. No. F15901580)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorney Generals, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Smith, J. and DeSantos, J.

Appellant Tyrell Foy appeals from the judgment of his conviction of several sexual offenses. His sole contention on appeal is that the abstract of judgment and minute orders contain clerical orders with regard to the financial obligations that were imposed on him by the sentencing court. After appellate counsel raised the issue with the sentencing court while this appeal was pending, the court found no clerical error was made. Appellant maintains the error remains and continues to seek relief from this court.

Finding no error, we affirm the judgment.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On January 26, 2023, appellant entered no contest pleas in accordance with a negotiated plea agreement to one count of forcible lewd act upon a child (Pen. Code,[1] § 288, subd. (b)(1); count 2) and three counts of lewd acts upon a child (§ 288, subd. (a); counts 1, 7, 8). He further admitted the aggravating factor that the victims were particularly vulnerable was true in count 2. In exchange for appellant's plea, the People dismissed the remaining charges. Appellant was to receive a stipulated prison term of 16 years and waived his right to appeal.

At sentencing on March 2, 2023, appellant was sentenced in accordance with the plea agreement to an aggregate term of 16 years in prison, comprised of the aggravated term of 10 years as to count 2 and consecutive terms of one-third the middle term of two years as to counts 1, 7, and 8.

At the sentencing hearing, the court initially imposed a restitution fine of $4,800 (§ 1202.4) and a corresponding parole revocation fine in the same amount (§ 1202.45). The court also imposed a sex offense fine of $300 (§ 290.3); a court operations assessment (also referred to as a "court security fee") of $40 for each conviction, for a total of $160 (§ 1465.8, subd. (a)(1)); and a court facilities assessment (also referred to as

---

[1]     All further undesignated statutory references are to the Penal Code.

a "conviction assessment") of $30 for each conviction, for a total of $120 (Gov. Code, § 70373).

At this point, defense counsel made the following request:

> "Your Honor, the only thing I would like to point out to the Court is that [appellant] has been in prison now for over eight years. Approximately eight years. And he will be in prison for a number of years further. I don't know how he will be able to meet[] the financial portion of this sentence. I would request that the Court waive any restitution and security fees that the Court can waive because he's going to be starting out from—below zero when he gets out. And I think it's going to make—it's going to make it—it will be an opportunity for him to fail on parole. And I would hope we could get started at least even when he gets out."

The prosecutor declined to comment on defense counsel's request.

The court responded, "I'm inclined to reduce those fines. I want to reduce that $4,800 fine by half, where it will meet in the interest of justice. We will delete all of those fines, sir. I'm inclined to reduce them to $2,400."

As to the financial obligations imposed in appellant's case, the minute order and abstract of judgment reflected the restitution fine of $2,400, the corresponding parole revocation fine of $2,400, the court operations assessment of $160, the conviction assessment of $120, and the sex offense fine of $300.

While this appeal was pending, appellate counsel filed a letter pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954 (*Fares*) and section 1237.2 and subsequently filed an "Ex Parte Motion to Correct a Clerical Error on Sentencing Minute Order and to Amend the Abstract of Judgment" (unnecessary capitalization omitted). In the motion, as well as the *Fares* letter, appellate counsel asserted the court's oral pronouncement of judgment "delete[d] *all* fines and fees other than the $2,400 restitution fine ([] § 1202.4)." Specifically citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*),[2] appellate

---

[2]     In *Dueñas*, Division 7 of the Second District Court of Appeal held due process required the court to hold an ability to pay hearing and determine the defendant has the ability to pay the court facilities and court operations assessments under section 1465.8

counsel asserted the court's comment that it would " 'delete all of those fines' " indicated the court "made a finding that [appellant] didn't have the ability to pay the court security fee ([] § 1465.8), the criminal conviction assessment (Gov[]. Code, § 70373), or the sex offense fine ([] § 290.3)" and, accordingly, intended to strike them on that basis. The motion also noted "the court did not impose a parole revocation fine." Appellate counsel requested the minute order and abstract of judgment be amended to reflect that the aforementioned fines, fees, and assessments were stricken. Attached to the motion was a copy of the relevant portion of the reporter's transcript of the sentencing hearing.

The trial court conducted a hearing on the matter on February 2, 2024. Appellant's trial counsel appeared on behalf of appellant and stated the "motion is correct factually" in that "the Court had … agreed to do what is requested here" and requested the abstract of judgment be amended as stated in the motion. The district attorney stated the People had no objection to the "correction."

In ruling, the court stated: "This Court does not find that this was a clerical error as suggested by the attorney that filed these Points and Authorities in this case." The court noted it reviewed the transcript and recalled the case. The court went on to say its intention at sentencing was to reduce the restitution fine from $4,800 to $2,400. It stated the assertion that the court's action included a finding that appellant did not have the ability to pay the "court security fee" was "frankly a mischaracterization of the sentencing transcript." The court underscored it made no finding regarding ability to pay; rather it explained, "The Court did on balance consider the amount of the fine of $4,800, given the 16-year sentence. The Court listened to argument as to why that fine should be reduced or deleted, and the Court elected to still impose a fine of $2,400."

---

and Government Code section 70373 before imposing them and further that the restitution fine under section 1202.4 must be stayed until the court finds the defendant has the ability to pay it. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)

In response, defense counsel stated, "Well, Your Honor, I interpreted it a little bit differently, but I think the result that you've come to is the same that—that I understood. Meaning, I thought you reduced it to 2,400 and you eliminated other fines." The court responded,

> "That's exactly right. And that was the intention of the Court at the time. The suggestion that the language that I used of 'delete all those fines' was in reference to the original $4,800 fine and then I issued the $2,400 fine and—the argument here is that I made a finding that the defendant didn't have any ability to pay, which was not the case whatsoever. [¶] So to clarify our record today, the Court did delete the $4,800 fine. The Court does find it's in the interest of justice and that the defendant does have the ability to pay $2,400 under the circumstances and that fine is going to remain."

Appellate counsel subsequently filed an appellate brief maintaining the clerical error existed and that the initial sentencing transcript demonstrates the sentencing court did initially strike all fines, fees, and assessments except for the $2,400 restitution fine and should have corrected the minute order and abstract of judgment.

## DISCUSSION

Appellant contends the abstract of judgment and minute order's representation that the court imposed the sex offense fine (§ 290.3) and the court operations (§ 1465.8) and court facilities (Gov. Code, § 70373) assessments is a clerical error that conflicts with the oral pronouncement of judgment and must be corrected by this court. Respondent contends no clerical error occurred, as stated by the court at the ex parte hearing. We agree with respondent.

As a general rule, "[w]hen there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls." (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.) Because entering judgment in the minutes is a clerical function, a discrepancy between the judgment as orally pronounced by the court and as entered in the clerk's minutes is presumed to be the result of clerical error.

5.

(*People v. Mesa* (1975) 14 Cal.3d 466, 471.) However, the Supreme Court directs us to harmonize written and oral pronouncements if possible. (*People v. Smith* (1983) 33 Cal.3d 596, 599; see *People v. Cleveland* (2004) 32 Cal.4th 704, 768 [finding that an erroneous statement in the reporter's transcript purporting to impose a one-year sentence enhancement was "of no effect" because the minute order and abstract of judgment correctly omitted the enhancement].)

We find no clerical error, and to the extent the sentencing court made any misstatement, we can harmonize the written and oral pronouncements. The thrust of appellant's argument is that at the initial sentencing, the court's language, particularly the statement that it would "delete all of those fines" and reduce "those fines" to $2,400 meant that the court was not only reducing the $4,800 restitution fine but striking the court operations and facilities assessments and sex offense fine.[3] At the ex parte hearing, however, the court explicitly rejected appellant's interpretation that the phrase "delete all of those fines" referred to the court operations and facilities assessments and sex offense fine. Rather, it appears, based on the totality of the court's comments, its intention was to "delete" the $4,800 restitution fine and parole revocation fine (hence the plural "fines") and impose lower fines in the amount of $2,400. It simply remained silent on the court operations and facilities assessments and sex offense fine.[4]

---

[3] Though he does not appear to be advancing the argument here, below, appellant suggested that the court had also struck the parole revocation fine (§ 1202.45). If appellant were advancing that argument here, we would reject it. When a person is convicted of a crime and his or her sentence includes a period of parole, the court is required to impose a parole revocation fine in the same amount as the restitution fine. (§ 1202.45, subd. (a).)

[4] While it could be stated that the court's comments are imprecise, we note defense counsel's request for lower financial obligation was also imprecise, as he requested the court "waive any restitution and security fees that the Court can waive." No where did defense counsel specifically request the court strike the sex offense fine or court facilities assessment. Rather, defense counsel used the phrase "restitution and security fees *that the Court can waive*" as a catchall. Thus, the court's response that it was willing to

Further clarifying its intention at the ex parte hearing, the court explained it made no finding that appellant did not have the ability to pay the "court security fee." This explanation is supported by our review of the original sentencing hearing transcript. The court indeed made no express finding regarding the appellant's ability to pay. We conclude, based on its clarifying comments at the ex parte hearing, the court impliedly found appellant had the ability to pay the court operations and facilities assessments and sex offense fine. In accepting the court's comment that it did not make an inability to pay finding, we acknowledge the court therefore had no basis on which to strike the assessments or sex offense fine. Absent a finding of inability to pay, these assessments and the sex offense fine are mandatory. (§ 1465.8, subd. (a)(1) [assessment "shall" be imposed on every criminal conviction]; Gov. Code, § 70373, subd. (a)(1) [same]; § 290.3, subd. (a) [fine "shall" be imposed "unless the court determines that the defendant does not have the ability to pay"]; see, e.g., *People v. Son* (2020) 49 Cal.App.5th 565, 598 [though not codified, some courts have held, including different panels of this court, that the court must strike the court operations and facilities assessments if it finds the defendant has met his or her burden to show he or she does not have the ability to pay them][5].)

reduce the restitution fine without mention to the assessments and sex offense fine was not inappropriate given the context of the vague request.

[5]     As stated above, appellate counsel cited *Dueñas*, *supra*, 30 Cal.App.5th 1157 in her *Fares* letter and ex parte motion and argued trial counsel made his request to reduce the fines "in the spirit of" that decision.

We note by the time appellant was sentenced, many other Courts of Appeal had weighed in on the correctness of the *Dueñas* decision, including this one. (See *People v. Montes* (2021) 59 Cal.App.5th 1107, 1115–1117 [summarizing the splits of authority and this court's approaches to date].) In addition, the California Supreme Court was (and still is) reviewing the issues of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments and which party bears the burden of proof regarding defendant's inability to pay. (*People v. Kopp* (2019 Cal.

We note the court's decision to reduce, or, in the court's parlance, "delete" and impose a lower amount for the restitution fine/parole revocation fine "in the interest of justice," absent a finding appellant had the inability to pay, is congruent with the relevant statutory law, which gives the court discretion to rely on a number of factors to set the amount of the restitution fine, "including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).)  Further, the court is not required to make "[e]xpress findings … as to the factors bearing on the amount of the fine…."  (§ 1202.4, subd. (d).)  We therefore do not infer from the court's decision to reduce the restitution fine and parole revocation fine any implied inability to pay finding that could be attached to the court operations and facilities assessments and sex offender fine.

Finally, we address the court's response to defense counsel's comment at the ex parte hearing that "I thought you reduced it to 2,400 and you eliminated *other fines*." (Italics added.)  Appellant suggests the court's response to this comment of "That's exactly right" further supports his assertion that the court intended to strike the court operations assessment, court facilities assessment, and sex offense fine.  We disagree. While the record certainly could be clearer, it appears from the court's full response, as well as the context of its earlier explanation, that its intention was to "delete" the $4,800 restitution fine and parole revocation fine only, and it did not make express findings on

LEXIS 8371); *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

That is to say, the trial court was likely aware of and was not bound by the *Dueñas* decision and could instead choose between conflicting authorities, including those that have not followed *Dueñas* or those that have imposed the burden to prove inability to pay on the defendant.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.)

the court operations assessment, court facilities assessment, or sex offense fine. We find it clear that if "That's exactly right" was intended to mean the court intended to strike the court operations assessment, court facilities assessment, and sex offense fine, as appellant suggests, the court would have ordered the requested correction to the abstract of judgment and minute order, as it had the opportunity to do so. Because it declined to do so, and because its other comments lead to what we deem a reasonable harmonization of the oral pronouncement of judgment and abstract of judgment, we decline to adopt appellant's interpretation of the court's comment.

Based upon the statements made by the court at both the original sentencing hearing and the ex parte hearing, as well as the relevant statutory and decisional law on the fines and fees in question, we find no clerical error.

## DISPOSITION

The judgment is affirmed.